IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:17-cv-00262-MR-DLH

| | |
|---|---|
| CHARLOTTE HUMBLE, SHARON ISACKSON, JUSTIN HUMBLE, TREVOR SIMMONS, MARGARET HOOVER, BELINDA KING AND JENNIFER SPAYTH BROWNING, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRAH'S NC CASINO COMPANY, LLC, d/b/a Harrah's Cherokee Valley River Casino, and Harrah's Cherokee Casino Resort, <br><br> Defendant. | AFFIDAVIT OF PAUL J. PERALTA, ESQ. |

STATE OF NORTH CAROLINA   )
                          ) SS
COUNTY OF MECKLENBURG     )

BEFORE ME, the undersigned authority personally appeared Paul J. Peralta, who upon first being duly sworn, deposes and states as follows:

1. I make this affidavit in support of the motion for attorney's fees filed by the Defendant in the above-captioned litigation: *Charlotte Humble, et al. v. Harrah's NC Casino Company, LLC d/b/a Harrah's Cherokee Valley River Casino and Harrah's Cherokee Casino Resort,* Case No. 1:17-cv-00262-MR-DLH.

2. I am a member in good standing of the North Carolina Bar and have been a member of that Bar since 2005. I am also a member of the Indiana Bar since 1990; Illinois from 1986 to 1990. I am admitted to practice before the United States Courts for the Western, Middle, and Eastern Districts of North Carolina, the United States Court of Appeals for the Fifth, Sixth, and Seventh Circuits, and the North Carolina Supreme Court. I am a partner in the firm of Moore & Van Allen and currently work in the firm's Charlotte office.

3. I am a graduate of both The University of Notre Dame and The University of Notre Dame School of Law.

4. My practice has been focused exclusively in the area of labor and employment law, including employment discrimination cases under the federal and state anti-discrimination laws. I have been practicing law for thirty-two years, which has included the representation of employers in federal and state court matters regarding labor and employment issues. Additionally, I regularly represent employers before federal, state, and local administrative agencies on a full range of employment-related claims.

5. By experience and training I am familiar with the attorneys' fees market and attorneys' fees generally within in the Western District of North Carolina. In my practice I am actively involved in the setting of fees and billing of clients. My current standard hourly billing rate is $515.

6. I have been asked to review the services rendered by the law firm of Cozen O'Connor, defense counsel in the above-captioned employment litigation, including all attorneys' fees incurred.

7. In the course of the review I have looked through the pleadings filed in this case as well as the billing records that appear to provide a complete and contemporaneous record of all services rendered in the litigation on behalf of Defendant, including the fees billed and hours actually expended by the attorneys in the defense of this case.

8. I have additionally discussed the case with Jennifer T. Williams, Esquire of Cozen O'Connor to ascertain the nature of the work performed and the responsibilities assumed by the professionals in handling this matter.

9. Cozen O'Connor's time records are detailed and internally consistent, and I believe them to be reliable and carefully-kept records of the hours put in during this case by the attorneys at that firm. I am of the opinion that the records of Cozen O'Connor meet the high standards of our profession.

10. I have reached an opinion on both the lodestar method set forth in *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) and on the applicability of the prior Johnson factors set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) as they relate to the claim for fees.

3

11. With regard to "the time and labor expended", it is apparent to me that substantial time and labor was required to successfully represent and defend Defendant against Plaintiff's claims. For example, it appears that Defendant was forced to file a motion to dismiss based on legal deficiencies failing to join an indispensible party and then was forced to devote substantial time opposing Plaintiffs' objections to the Magistrate Judge's Memorandum and Recommendation.

12. With respect to "the skill required to properly perform the legal services rendered", defense counsel also made efforts to minimize the amount of time incurred to the extent this could be done in a manner consistent with an effective and successful representation of the client. However, in my opinion this case required counsel to prepare for defending this litigation on the merits, including a potential collective action. The time that was recorded, therefore, was commensurate with the time and labor required.

13. Employment litigation is a specialized area of law which requires specialized knowledge and skill to effectively represent clients. Overall, Cozen O'Connor had to spend significant time and effort on these many issues to properly understand and raise the appropriate defenses.

14. In my opinion, the hourly rates Defendant incurred in the defense of Plaintiff's claims in this action are within the range of fees customarily charged within the Western District of North Carolina for similar legal services, by attorneys

4

with similar skills, reputation and experience for the defense of complex employment discrimination and retaliation claims in federal court litigation. Specifically:

15. $450-$565 for Shareholder Time: Cozen O'Connor shareholders Susan N. Eisenberg and Jennifer T. Williams were lead defense counsel. I am familiar with Ms. Eisenberg, Ms. Williams and with their law firm and am aware of their reputation. Both Ms. Eisenberg and Ms. Williams, along with several of their partners, are professional colleagues of mine in an organization of employer-side attorneys called the Wage Hour Defense Institute. Both Ms. Eisenberg's and Ms. Williams' work product is of the highest standard. It is my opinion that the hourly rates of $565 for Ms. Eisenberg and $450 for Ms. Williams are reasonable as those rates fall within the range of prevailing market rates in the Western District of North Carolina for similar services by lawyers of reasonably comparable skills, experience, and reputation. Additionally, in my opinion, the time spent by Ms. Eisenberg and Ms. Williams was reasonable.

16. $290 for Member Time: Cozen O'Connor member Patrick Aul was also heavily involved in the defense of this case. Mr. Aul has ten years of litigation experience and has spent his entire legal career working on several types of litigation matters, including employment-related litigation. It is my opinion that both Mr. Aul's hourly rate and the time Mr. Aul spent on this case are reasonable. Mr. Aul's

hourly rate falls below the range of prevailing market rates within this Court for similar services by lawyers of reasonably comparable skills, experience, and reputation.

17. $280-$325 for Associate Time: Cozen O'Connor associates involved in this case were Joseph Campbell and Clark Splichal. Both associates have four years of experience working on litigation matters, including labor and employment litigation. It is my opinion that the hourly rates of $280 and $325 for these associates are reasonable as they also fall within the appropriate range of prevailing market rates in this Court for similar services by lawyers of reasonably comparable skills, experience, and reputation. Additionally, in my opinion, the time spent by these associates was reasonable.

18. $190 for Paralegal Time: The paralegals assisting in this case, Darlyn D. Kreitman and Elizabeth Coble-Holtey, are also reasonable. Both Ms. Kreitman and Ms. Coble-Holtey have over twenty years' experience as litigation paralegals and their work was of value for this type of employment litigation. Moreover, Ms. Kreitman has fifteen years' experience as a paralegal for strictly labor and employment matters. It is my opinion that the hourly rate of $190 is reasonable as it falls below the prevailing market rate in the Western District of North Carolina for similar services by paralegals of reasonably comparable skills, experience, and

reputation. Additionally, in my opinion, the time spent by Ms. Kreitman and Ms. Coble-Holtey was reasonable.

19. Based upon the foregoing, it is my opinion that the in the amount of $59,355.50 in attorneys' fees are reasonable and were necessarily incurred by the Defendant in the defense of the above-captioned action.

FURTHER AFFIANT SAYETH NAUGHT.

_____
PAUL J. PERALTA

STATE OF NORTH CAROLINA   )
                          ) ss:
COUNTY OF MECKLENBURG     )

The foregoing instrument was sworn to and subscribed before me this 12th day of October, 2018, by PAUL J. PERALTA, who is personally known to me or who has produced a North Carolina driver's license (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF ~~FLORIDA~~ Indiana
ALLISON WRUBLE
(Print, Type or Stamp Commissioned Name of Notary Public)

ALLISON WRUBLE
Notary Public, State of Indiana
St. Joseph County
Commission # 695263
My Commission Expires
February 05, 2025