# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00262-MR-DLH

| | |
|---|---|
| CHARLOTTE HUMBLE, SHARON ISACKSON, JUSTIN HUMBLE, TREVOR SIMMONS, MARGARET HOOVER, BELINDA KING, and JENNIFER SPAYTH BROWNING, individually and on behalf of all others similarly situated, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | O R D E R |
| HARRAH'S NC CASINO COMPANY, LLC, d/b/a Harrah's, Harrah's Cherokee Valley River Casino, and Harrah's Cherokee Casino Resort ) ) ) ) ) ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the Court on the parties' Unopposed Motion to File Confidential Settlement Agreement Under Seal [Doc. 76].

Upon review of further authority, the Court questions whether the parties' Unopposed Motion to File Confidential Settlement Agreement Under Seal was improvidently granted. [See Text-Only Order entered March 27, 2020].

"The common law right of access to judicial records and documents is implicated in a motion to file an FLSA settlement agreement under seal." Baker v. Dolgencorp, Inc., No. 2:10cv199, 2011 WL 166257, at *2 (E.D. Va. Jan. 19, 2011). As such, an "overwhelming majority of district courts" have found that a stipulation to seal an FLSA settlement agreement "does not outweigh the strong presumption of public access to an FLSA settlement agreement." Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010). The Eastern District of North Carolina and the Middle District of North Carolina both fall within that "overwhelming majority." Tabor v. Fox, No. 5:09-CV-338-BR, 2010 WL 2509907, at *2 (E.D.N.C. June 17, 2010) ("interests in confidentiality do not outweigh the interests favoring access to the settlement agreement."); Browne v. The Pantry, Inc., No. 1:11-CV-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) ("the parties' own agreement has routinely been held to be insufficient to overcome the presumption of public access[.]"). As such, "the overwhelming consensus of district courts that have considered the issue" have held "that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011); see also Browne, 2011 WL 5119263, at *1 ("Courts in recent years have been virtually

unanimous in finding that settlements under the FLSA should not be sealed in the ordinary course."). Parties can, however, overcome the presumption of public access by identifying a compelling interest and demonstrating that their request for nondisclosure is narrowly tailored to serve that interest. Hens, 2010 WL 4340919, at *3 (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010)).

Here, the parties' motion failed to disclose any of the relevant authorities discussed above. Likewise, the parties' motion failed to make any showing that their request to seal the FLSA settlement agreement "overcomes the [strong] presumption of public access." Joo, 763 F. Supp. 2d at 647. The parties' motion also fails to identify any compelling interest that would justify sealing the settlement agreement and fails to show that the request to seal is narrowly tailored to serve such an interest. Hens, 2010 WL 4340919, at *3 (citing Dees, 706 F. Supp. 2d at 1246).

In light of the parties' failure to make the required showings to justify their motion to seal their FLSA settlement agreement, the Court questions whether the Court's text order should be vacated and the parties' motion be denied. Moreover, the Court notes that the parties' lack of candor regarding the extensive authorities cited above could lead the Court to deny the motion on the present record without giving the parties another attempt to justify

their request.[1] Nevertheless, the Court will allow the parties to present supplemental briefing on whether the settlement agreement should be unsealed or redacted based on the authorities cited herein.

**IT IS, THEREFORE, ORDERED** that on or before April 27, 2020, the parties shall submit supplemental briefing to the Court addressing: the strong presumption of public access that applies to FLSA settlement agreements; whether the parties can show a compelling interest that justifies sealing or redacting the settlement agreement; and whether sealing or redacting the document can be narrowly tailored to serve such a compelling interest. Such supplemental briefing shall not exceed five (5) pages. The settlement agreement [Doc. 78] will remain under provisional seal pending the receipt of the parties' supplemental briefing and further instruction from the Court.

**IT IS SO ORDERED.**

Signed: April 14, 2020

Martin Reidinger
United States District Judge

---

[1] While the Court is generally concerned that the parties' motion failed to mention the extensive case law that has denied attempts to file FLSA settlement agreements under seal, it is particularly concerning that the parties' motion stated that *"[t]here are no alternatives to filing under seal,* as the Court must approve this FLSA settlement for final adjudication of this matter. [Doc. 76 at 5 (emphasis added)]. The "overwhelming majority" of courts considering this issue have held that there is an alternative to filing under seal. In fact, "[a] proper consideration of the intent of Congress and the public's interest in judicial transparency permits only one method to obtain judicial review of a compromise of an FLSA claim. The parties must file the settlement agreement in the public docket." Dees, 706 F. Supp. 2d at 1246. As such, the parties were simply incorrect to state that there is no alternative to filing the settlement agreement under seal.