THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00262-MR-WCM

| | |
|---|---|
| CHARLOTTE HUMBLE, SHARON ISACKSON, JUSTIN HUMBLE, TREVOR SIMMONS, MARGARET HOOVER, BELINDA KING, and JENNIFER SPAYTH BROWNING, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>HARRAH'S NC CASINO COMPANY, LLC, d/b/a Harrah's, Harrah's Cherokee Valley River Casino, and Harrah's Cherokee Casino Resort<br><br>                Defendant. | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to File Confidential Settlement Agreement Under Seal [Doc. 76].

On September 18, 2017, the Plaintiffs brought FLSA claims against the Defendant. [Doc. 1]. In February 2020, the parties agreed to settle those claims. [Doc. 77 at 4-5]. On March 27, 2020, the Defendant filed an Unopposed Motion to File Confidential Settlement Agreement Under Seal, seeking to file the settlement agreement under seal so that the Court could

subsequently approve the parties' settlement. [Doc. 76]. The Court granted that Motion in a text order. [See Text-Only Order entered March 27, 2020]. On March 31, the parties filed a Joint Motion for an Order Indicating Approval of a Confidential Settlement and Dismissal of the Case with Prejudice. [Doc. 77].

Upon review of that Motion, the Court became aware that the motion to seal the FLSA settlement agreement may have been improvidently granted. [See Doc. 80 at 2-3]. As such, the Court ordered supplemental briefing addressing: "the strong presumption of public access that applies to FLSA settlement agreements; whether the parties can show a compelling interest that justifies sealing or redacting the settlement agreement; and whether sealing or redacting the document can be narrowly tailored to serve such a compelling interest." [Id. at 4]. The Court noted that the settlement agreement would remain under provisional seal pending the receipt of the parties' supplemental briefing and further instruction from the Court. [Id.].

On April 15, 2020, the Plaintiffs filed their supplemental brief stating that they did not oppose the Defendant's motion because of the terms of the settlement agreement and that the Defendant "neither sought Plaintiffs' input on its motion to seal nor provided Plaintiffs with a courtesy copy before filing

its motion." [Doc. 81 at 1-2]. On April 21, 2020, the Defendant filed its supplemental brief. [Doc. 82].

"There is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement case unsealed and available for public review." Bartelloni v. DeCastro, No. 05-80910-CIV-COHN, 2007 WL 2155646, at *1 (S.D. Fla. July 26, 2007). An "overwhelming majority of district courts" have found that a stipulation to seal an FLSA settlement agreement "does not outweigh the strong presumption of public access to an FLSA settlement agreement." Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010). The Eastern District of North Carolina and the Middle District of North Carolina both fall within that "overwhelming majority." Tabor v. Fox, No. 5:09-CV-338-BR, 2010 WL 2509907, at *2 (E.D.N.C. June 17, 2010) ("interests in confidentiality do not outweigh the interests favoring access to the settlement agreement."); Browne v. The Pantry, Inc., No. 1:11-CV-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) ("the parties' own agreement has routinely been held to be insufficient to overcome the presumption of public access[.]"). Indeed, "the overwhelming consensus of district courts that have considered the issue" have held "that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public

3

access." Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011); see also Browne, 2011 WL 5119263, at *1 ("Courts in recent years have been virtually unanimous in finding that settlements under the FLSA should not be sealed in the ordinary course."). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).

In its supplemental brief, the Defendant claims that this case is distinguishable from other requests to seal FLSA settlement agreements because this case involves "no public interest in the settlement agreement in question[.]" [Doc. 82 at 4].[1] To support that assertion, the Defendant argues

---

[1] The Defendant also explains that its failure to mention in its original motion that the "overwhelming majority" of courts have denied motions to seal FLSA settlement agreements was not due to a lack of candor. [Id. at 2]. Instead, the Defendant appears to argue that it had no obligation to mention that fact because the Fourth Circuit and this Court have not explicitly joined that overwhelming majority. [Id.]. The Defendant is correct that neither the Fourth Circuit nor this Court have explicitly ruled on the issue. That is why the Court's order requesting supplemental briefing did not cite to North Carolina Rule of Professional Conduct 3.3, which requires lawyers to "disclose to the tribunal legal authority *in the controlling jurisdiction* known to the lawyer to be directly adverse to the position of the client . . . ." N.C. R. Prof. Conduct 3.3 (emphasis added). Nevertheless, the better practice would have been for the Defendant to have mentioned in its motion that the "overwhelming majority" of courts have rejected its position or to have distinguished this case from those cases.

4

that the statute of limitations has run on the potential violations raised in this suit, which vitiates any public interest in the settlement agreement. [Id. at 3-4]. The Defendant also notes that no objection to the motion to seal has been filed. [Id. at 3].

The Defendant's first argument misapprehends the public interest in FLSA settlements. The Supreme Court has recognized that employee rights under the FLSA are of a "private-public character." Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 708 (1945). "This public character is based on 'an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce.'" Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting Brooklyn Savings Bank, 324 U.S. at 708). "Although judicial approval of FLSA settlements is an important step in ensuring that the statute's terms and purposes are not frustrated by private agreements, the public's right of access to judicial records regarding such approval adds an additional, important safeguard in this respect." Miles v. Ruby Tuesday, Inc.,

799 F. Supp. 2d 618, 623 (E.D. Va. 2011).[2] As such, the public has its own substantial interest in assessing "whether the settlement is consistent with the statute's terms and purposes." Id. The public also has an interest in ensuring that employees are aware of their FLSA rights and confirming that the FLSA is fully implemented in every workplace. Dees, 706 F. Supp. 2d at 1245. The public has an additional interest in determining whether the Court is properly fulfilling its duties in approving FLSA settlement agreements. Boone v. City of Suffolk, VA., 79 F.Supp.2d 603, 609 (E.D. Va. 1999).

While the statute of limitations might bar other parties from bringing similar FLSA claims against the Defendant, the public interest in access to FLSA settlements goes far beyond the claims and parties involved in this lawsuit.[3] Accordingly, the expiration of the statute of limitations has little

---

[2] For example, the FLSA's minimum wage provision could be undermined if employees could simply waive their rights to the minimum wage or if employers could simply settle any wage claims at an amount below the statutory minimum. Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007) ("Any wage settlement that gave the employee less than the statutory minimum would frustrate Congress's objective of imposing uniform minimum pay requirements."). Likewise, the FLSA's overtime provisions could be undermined if employees could waive their rights or employers could settle any claims related to overtime payment.

[3] "[W]hile an individual court's decision to approve a settlement between an employee and an employer regarding FLSA violations may not excite the interest of the public at large, aggregating this information with records from other courts' FLSA settlement approval decisions might well disclose significant information concerning FLSA enforcement nationwide." Miles, 799 F. Supp. 2d at 623.

bearing on the question of whether the settlement agreement should be sealed. As such, the Defendant's first argument is without merit.

Likewise, the Defendant's argument related to the lack of an objection is without merit. The filing of an objection to a motion to seal does not determine whether the public has a right to access an FLSA settlement agreement. Stalnaker, 293 F. Supp. 2d at 1263 ("The fact that no third party has objected to the sealing of the settlement here is "inconsequential," because the presumption of openness does not depend on the media's being interested in a particular case.") (citing In re Estate of Martin Luther King, Jr. v. CBS, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002)). As such, the fact that no objection has been filed says little about the public interest in question. [4]

While the Defendant acknowledges that its interest in confidentiality does not warrant sealing of the settlement agreement, the Defendant has not provided any other interest, much less a compelling one, to support sealing such agreement. The Defendant's failure to provide any interest that overrides the strong presumption of public access leads the Court to conclude that no such interest exists. That fact alone counsels against granting the motion to seal the agreement. Dees v. Hydradry, Inc., 706 F.

---

[4] Moreover, less than a month has passed since filed the motion to seal was filed and the Court's Order granting the motion to seal may have had a chilling effect on anyone who wished to file such an objection.

7

Supp. 2d 1227, 1246 (M.D. Fla. 2010) ("Absent an 'overriding interest' in the preservation of some 'higher value,' the court should not abide the parties' request for a seal."). Accordingly, the Defendant has failed to carry its burden to show that "countervailing interests heavily outweigh the public interests in access[.]" Virginia Dep't of State Police, 386 F.3d at 575 (citing Rushford, 846 F.2d at 253). As such, the presumption of public access applies to the FLSA settlement agreement and the agreement cannot be sealed.

The Court's order requesting supplemental briefing also gave the parties a chance to "show a compelling interest that justifies . . . redacting the settlement agreement; and whether . . . redacting the document can be narrowly tailored to serve such a compelling interest." [Doc. 80 at 4]. Neither party argued that any redactions were appropriate here.[5] As such, no redactions to the settlement agreement are appropriate.

For these reasons, the Court's March 27, 2020 Order [Text-Only Order entered March 27, 2020] will be vacated. Since the parties did not express

---

[5] The Defendant acknowledged in its motion to seal that the "information being kept confidential primarily consists of the amount and distribution of the settlement proceeds for now expired claims." [Doc. 76 at 4]. That type of information is precisely the type of information in which the public may have an interest.

any intent to redact any portion of the document, the Clerk will be directed to unseal the settlement agreement.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Court's March 27, 2020 Order [Text-Only Order entered March 27, 2020] is **VACATED.** The Clerk is directed to unseal the settlement agreement [Doc. 78].

**IT IS SO ORDERED**.

Signed: April 27, 2020

Martin Reidinger
United States District Judge