THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00262-MR-WCM

| | |
|---|---|
| CHARLOTTE HUMBLE, SHARON ISACKSON, JUSTIN HUMBLE, TREVOR SIMMONS, MARGARET HOOVER, BELINDA KING, and JENNIFER SPAYTH BROWNING, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>HARRAH'S NC CASINO COMPANY, LLC, d/b/a Harrah's, Harrah's Cherokee Valley River Casino, and Harrah's Cherokee Casino Resort<br><br>    Defendant. | **ORDER APPROVING SETTLEMENT** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Final Order Approving Settlement, Dismissing Opt-In Plaintiff Richard Cole Without Prejudice, and Dismissing Case with Prejudice. [Doc. 88].

The Court has reviewed the Motion, the affidavits and declarations, the parties' Settlement Agreement, and the relevant case law. Based on the parties' submissions, the Court finds and concludes as follows:

1. On September 18, 2017, the Plaintiffs filed a Collective Action against the Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). [Doc. 1].

2. The Complaint states that the Plaintiffs brought this lawsuit as an opt-in collective action pursuant to 29 U.S.C. § 216(b). [Doc. 1 at ¶ 45]. To become a member of an opt-in class, an employee must "give[] his consent in writing to become such a party," and counsel for the class representative must file the written consent "in the court in which such action is brought." 29 U.S.C. § 216(b). At total of 175 of the Defendant's current and former employees became parties to this action. [Doc. 88 at 1].

3. On November 16, 2017, the Defendant filed a motion to dismiss under Rules 12(b)(1) and 12(b)(7). [Doc. 26]. On June 1, 2018, the Magistrate Judge filed a Memorandum and Recommendation with respect to the motion to dismiss. [Doc. 56]. He recommended that Defendant's motion under Rule 12(b)(1) be denied because the Court has subject matter jurisdiction over Plaintiffs' claims but recommended that Defendant's motion under Rule 12(b)(7) be granted for failure to join a necessary party under Rule 19. [Id.].

4. The Plaintiffs and the Defendant filed objections to the Memorandum and Recommendation [Docs. 57, 58]. On September 28,

2018, the Court entered an Order overruling the parties' objections and accepting the Magistrate Judge's recommendation that the Defendant's motion to dismiss be granted under Rule 12(b)(7). [Doc. 62]. On the same day, the Clerk entered Judgment in accordance with the Court's Order. [Doc. 63]. On October 11, 2018, the Plaintiffs appealed to the United States Court of Appeals for the Fourth Circuit. [Doc. 64].

5. On February 6, 2020, the parties engaged in settlement negotiations with a mediator. [Doc. 77 at 4]. The Plaintiffs were represented at the mediation by a litigation committee of five individuals. [Doc. 88 at 5]. The parties continued those negotiations until they agreed to settlement terms on February 7, 2020. [Doc. 77 at 5-7]. The parties agreed to a resolution of this matter as provided in the Settlement Agreement. [Doc. 78]. The Gross Settlement Amount is $825,000, and the settlement amounts range from a few hundred dollars for some Plaintiffs to several thousand dollars for other Plaintiffs. [Doc. 88 at 6].

7. The Settlement Agreement did not, however, provide any amount for Plaintiff Richard Cole because the Defendant's records showed that he mischaracterized his employment dates in his opt-in form and had incurred no damages stemming from the Defendant's alleged wage practices [Doc. 88 at 9]. When Plaintiffs' Counsel notified Plaintiff Cole about the

3

issues with his claimed employment dates, Plaintiff Cole did not respond. Plaintiff Cole also did not respond to subsequent letters, phone calls, or voicemail messages. [Doc. 88-3 at ¶ 9-12]. Of the 175 Plaintiffs, Plaintiff Cole is the only one who did not return the tax documents signifying his acceptance of the settlement. [Doc. 88-3 at ¶¶ 3, 10-12].

8. The parties' motion jointly moves the Court to dismiss Plaintiff Cole's claims. [Doc. 88 at 1]. Under Federal Rule of Civil Procedure 41, the Court may dismiss a claim for a plaintiff's failure to prosecute. When weighing dismissal under Rule 41(b), the Court must "consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" Sorto v. AutoZone, Inc., No. 19-1278, 2020 WL 4187870, at *6 (4th Cir. July 21, 2020) (citing Hillig v. Comm. of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)). Here, Plaintiff Cole has failed to respond to requests from the Defendant and his own counsel to provide evidence of his employment dates, has ignored multiple attempts to reach him through various means, and has not returned the tax documents or otherwise signified his acceptance of the settlement. [Doc. 88 at 11]. As a result, Plaintiff Cole's own counsel asks to have his claims dismissed.

Plaintiff Cole has not responded or opposed the request for dismissal. Because Plaintiff Cole has failed participate in this case or otherwise demonstrate that he should be included in the settlement class, dismissal of his claims is necessary to avoid prejudice to the other parties and the possibility of drawn out proceedings involving hundreds of claims. As such, the Court concludes that Plaintiff Cole's claims should be dismissed for failure to prosecute but that such dismissal should be without prejudice.

9. On February 13, 2020, the parties filed a joint motion in the Fourth Circuit requesting that their appeal be held in abeyance pending this Court's review of the settlement and entry of an order approving the settlement agreement. [Doc. 77-5]. On February 19, 2020, the Fourth Circuit granted the parties' joint motion and placed the case in abeyance pending the disposition of matters before this Court. [Doc. 75].

10. On March 31, 2020, the parties filed a Joint Motion for an Order Indicating Approval of a Confidential Settlement and Dismissal of the Case with Prejudice. [Doc. 77]. On May 21, 2020, the Court entered a Suggestion of Disposition concluding that it would approve the parties' proposed settlement if the Fourth Circuit Court of Appeals remanded for that purpose. [Doc. 86 at 24]. On August 3, 2020, the Fourth Circuit remanded the case to this Court. [Doc. 87].

11. The FLSA's provisions are mandatory and are generally not subject to bargaining, waiver, or modification by contract or settlement. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). One recognized exception to this general rule is that a district court may approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to § 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)).

12. When determining if an FLSA settlement warrants approval, courts generally consider "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees." Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014).

13. Having carefully reviewed the parties' Settlement Agreement, the Court concludes that it warrants approval as a fair, reasonable, and adequate compromise of the parties' *bona fide* dispute. First, there are real issues in dispute here regarding the tribal sovereign immunity of the Plaintiff's actual

6

Case 1:17-cv-00262-MR    Document 89    Filed 08/24/20    Page 6 of 8

employer and whether the Plaintiffs were fully compensated for every hour that they worked. [Doc. 86 at 7]. Second, the settlement is reasonable, fair, and adequate under the relevant factors in Federal Rule of Civil Procedure 23 because it appears to be the result of serious, extensive arm's-length and non-collusive negotiations; the parties' counsel have stated that it is fair and reasonable, and; it adequately compensates the Plaintiffs for their claims in light of the current procedural posture. [Id. at 9-11]. Finally, the settlement provides for reasonable attorneys' fees, costs, and service awards as contemplated by the FLSA. [Id. at 11-21]. Accordingly, the parties' Joint Motion for Final Order Approving Settlement, Dismissing Opt-In Plaintiff Richard Cole Without Prejudice, and Dismissing Case with Prejudice [Doc. 88] will be granted.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Final Order Approving Settlement, Dismissing Opt-In Plaintiff Richard Cole Without Prejudice, and Dismissing Case with Prejudice [Doc. 88] is **GRANTED.** Plaintiff Richard Cole's claims are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court hereby approves the parties' Settlement Agreement [Doc. 78], and this action is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully directed to close this matter.

**IT IS SO ORDERED.**

Signed: August 24, 2020

Martin Reidinger
Chief United States District Judge